## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### CASE NO:

DAVID HARTLEY, and
all others similarly situated,

    Plaintiff(s),

v.

HOME DEPOT USA INC.,

    Defendants.

_____/

### CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID HARTLEY ("HARTLEY"), on behalf of himself and all others similarly situated, and pursuant to FED. R. CIV. P. 23 and *29 U.S.C. § 216(b)*, files the following Class Action Complaint and Demand for Jury Trial against Defendant, HOME DEPOT USA INC. (referred to hereinafter as "HOME DEPOT" or "Defendant"), and alleges the following:

### INTRODUCTION

1. Defendant unlawfully deprived Plaintiff, and all other employees similarly situated, of overtime compensation during the course of his employment. This action arises as a class action under FED. R. CIV. P. 23 for claims under the Fair Labor Standards Act ("FLSA"), pursuant to *29 U.S.C. §§ 201–216*, to recover all wages owed to Plaintiff, and those similarly situated to Plaintiff during the course of their employment.

### PARTIES

2. During all times material hereto, Plaintiff, HARTLEY, was a resident living and working for HOME DEPOT within the jurisdiction of the Middle District of Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, HOME DEPOT, was a Delaware for-profit corporation located and transacting business throughout the entire State of Florida, including within the jurisdiction of this Honorable Court.

4. HOME DEPOT is headquartered and operates its principal location at 2455 Paces Ferry Road, Atlanta, Georgia.

5. Defendant, HOME DEPOT, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

6. All acts and omissions giving rise to this dispute took place within Seminole County, Florida, which falls within the jurisdiction of this Honorable Court.

7. Defendant, HOME DEPOT, is authorized to do business in the State of Florida, including Seminole County, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

8. Venue is also proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## RULE 23 CLASS ALLEGATIONS

9. Plaintiff brings his federal Fair Labor Standards Act claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class (the "Class"), defined as follows:

> All non-exempt store employees whom Defendant, HOME DEPOT, employed within the past three (3) years, and whose actual work hours during a given week were moved or adjusted to a different work week, resulting in an improper payment of overtime wages for all actual hours worked in excess of (40) hours for any given week worked. .

10. *Numerosity*: Upon information and belief, there are at least approximately fifty (50) to one hundred (100) current and/or former employees of Defendant over the past three (3) years

that fall within the scope of individuals as listed above. Given Defendant's considerable size and the systematic nature of its failure to comply with federal law, the members of the Class are so numerous that joinder of all members is impractical.

11. *Commonality*: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff. Such questions common to the Class include, but are not limited to the following:

    a. Whether Plaintiff and the Class were "employees" of Defendant;

    b. Whether Plaintiff and the Class's hours were properly recorded in accordance with the FLSA;

    c. Whether Defendant violated the wage rights of Plaintiff and the Class under the FLSA by moving or reassigning hours from one week to another to reduce the total number of hours "worked" in a given workweek;

    d. Whether Defendants willfully or intentionally refused to pay Plaintiff and the Class the overtime wages as required by the FLSA;

    e. Whether Defendant knew or should have known of the federal overtime wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and

    f. The nature, extent, and measure of damages suffered by the Plaintiff and the Class based upon Defendants' conduct.

12. *Typicality:* Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff's claims arise from Defendants' failure to compensate the Class according to the FLSA's statutorily required overtime wage rates.

13. *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interest that might conflict with the interests of the Class. Plaintiff is interested in pursuing her claims against Defendants vigorously and has retained counsel competent and experienced in class and complex litigation.

14. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

15. Defendant has acted on grounds generally applicable to the Class, thereby making relief appropriate with respect to the Class as a whole. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Class that would establish incompatible standards of conduct for Defendant.

16. The identity of the Class is readily identifiable from Defendant's records, which records it is obligated to keep as a matter of law.

17. Without a class action, Defendant will likely retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Class.

**GENERAL ALLEGATIONS**

18. Defendant, HOME DEPOT, is a large national retailer that has been operating in the State of Florida since at least 1989.

19. HOME DEPOT employs individuals like Plaintiff to stock inventory and otherwise assist customers.

## FLSA COVERAGE

20. Defendant, HOME DEPOT, is covered under the FLSA through enterprise coverage, as HOME DEPOT was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, HOME DEPOT's business and Plaintiff's work for HOME DEPOT's benefit affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, HOME DEPOT, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

21. During his employment with Defendant, HOME DEPOT, Plaintiff, and other employees similarly situated, handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to the following: paint, chairs, desks, lamps, light bulbs, forklifts, computers, grills, flooring, paint brushes, windows, toilets, bathtubs, faucets, and other household appliances and materials used in home improvement.

22. Defendant, HOME DEPOT, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, HOME DEPOT's business an enterprise covered by the FLSA.

23. Upon information and belief, Defendant, HOME DEPOT, grossed or did business in excess of $500,000.00 during the years of 2016, 2017, and 2018, and is expected to gross in excess of $500,000.00 in 2019.

24. During all material times hereto, Plaintiff was a non-exempt employee of Defendant HOME DEPOT, within the meaning of the FLSA.

25. During this time period, Plaintiff (i) did not have supervisory authority over any individuals; (ii) did not make any decisions of importance on behalf of HOME DEPOT; and (iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

### **PLAINTIFF'S WORK FOR DEFENDANTS**

26. Plaintiff began working for Defendant in 2017.

27. Plaintiff, and all others similarly situated, were economically dependent upon Defendant, HOME DEPOT, for their work and were subject to the control of the Defendant during all pertinent time periods of their employment.

28. Plaintiff, and all others similarly situated, have worked in excess of forty (40) hours per week during their employment on at least one occasion.

29. During this time period, however, the Defendant, moved or reassigned hours worked by Plaintiff in one workweek to a different workweek which created the appearance that Plaintiff, and those similarly situated, did not work in excess of forty (40) hours. As a result, Defendant did not pay Plaintiff and others similarly situated the overtime wages they are entitled to and as required under federal law.

30. Plaintiff notified Defendant (through Human Resources) of this unlawful practice in the Fall of 2018, but no remedial action was taken by Defendant.

31. Defendant is required to compensate Plaintiff, and similarly situated employees, at the federal overtime wage rates for all hours worked over forty (40) in all work weeks during his employment.

32. Defendant is required to compensate Plaintiff, and all others similarly situated, at the federal statutory overtime wage rate of time-and-one-half per hour, for all hours worked in excess of forty (40) per week.

33. Defendant refused to properly compensate Plaintiff, and all others similarly situated, at the federal statutory overtime wage rate of time-and-one-half per hour, for all hours worked in excess of forty (40) per week.

34. As a result of Defendant's intentional and willful failure to comply with the FLSA, Plaintiff has been required to retain the undersigned counsel and are therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

## COUNT I - FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 206*
**(As to Plaintiff, and others similarly situated, against Defendant)**

35. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 34 as though set forth fully herein.

36. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*, which requires any non-exempt employee covered by the FLSA to be paid overtime wages for hours worked in excess of forty (40) in any given workweek.

37. During the time period relevant to this lawsuit, Plaintiff worked over (40) hours per week, for which he was not properly paid the federal statutory overtime rate.

38. Plaintiff is entitled to recover the federal overtime wage rate in the amount of at least time and one half the regular hourly rate per hour for all hours worked over forty (40) in all work weeks during his employment.

39. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendant knew of the overtime wage requirements of the Fair Labor Standards Act and recklessly or intentionally failed to compensate Plaintiff in accordance with such requirements.

WHEREFORE, Plaintiff, DAVID HARTLEY, and all others similarly situated, respectfully requests that this Honorable Court certify the portion of this action arising under the Fair Labor Standards Act as a class action under FED. R. CIV. P. 23, and enter judgment in favor of Plaintiff and the Class against Defendant, HOME DEPOT USA INC., and award Plaintiff and the Class: (a) double unpaid overtime wages as provided by the Fair Labor Standards Act ("FLSA"); (b) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, DAVID HARTLEY, requests and demands a trial by jury on all appropriate claims.

**Dated this 24th day of March, 2019.**

                                                    Respectfully Submitted,

| | |
|---|---|
| **USA Employment Lawyers - Jordan Richards PLLC** | **Eggnatz \| Pascucci** |
| 805 East Broward Blvd. Suite 301 | 5400 S. University Drive |
| Fort Lauderdale, Florida 33301 | Suite 417 |
| Ph: (954) 871-0050 | Davie, Florida |
| *Trial Counsel for Plaintiff* | Ph: (954) 889-3359 |
| | *Trial Counsel for Plaintiff* |
| By: */s/ Jordan Richards* | By: */s/ Joshua H. Eggnatz* |
| JORDAN RICHARDS, ESQUIRE | JOSHUA H. EGGNATZ |
| Florida Bar No. 108372 | Florida Bar No. 0067926 |
| *Jordan@jordanrichardspllc.com* | MICHAEL J. PASCUCCI, ESQ. |
| *melissa@jordanrichardspllc.com* | Florida Bar No. 83397 |
| *jill@jordanrichardspllc.com* | *JEggnatz@JusticeEarned.com* |
| *jake@jordanrichardspllc.com* | *Mpascucci@JusticeEarned.com* |
| *stephanie@jordanrichardspllc.com* | |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on March 24, 2019.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**