UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DAVID HARTLEY,**

           **Plaintiff,**

**v.**                                                      **Case No: 6:19-cv-573-Orl-41DCI**

**HOME DEPOT USA INC.,**

           **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. 29)** |
| **FILED:** | August 16, 2019 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

### I.  Background

Plaintiff brought this purported collective action against Defendant for failure to pay overtime wages in violation of the Fair Labor Standards Act (FLSA). Doc. 1. The parties subsequently filed a joint motion to approve their settlement, to which they attached their settlement agreement. Docs. 29 (the Motion); 29-1 (the Agreement). Under the Agreement, Plaintiff will receive $28.00 in unpaid wages, $28.00 in liquidated damages, and $8,021.68 in attorney fees and costs. Doc. 29-1. The parties argue that the Agreement represents full compensation for all of Plaintiff's unpaid wages and, thus, the Court need not conduct a

reasonableness review. Doc. 29. Nevertheless, the parties request approval of the Agreement and argue that the Agreement is a fair and reasonable resolution of Plaintiff's FLSA claims, and the parties request that the Court grant the Motion and dismiss the case with prejudice. Doc. 29.

**II.     Law**

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III. Analysis

#### A. The Settlement.

The parties claim that the settlement represents full compensation to Plaintiff for the unpaid wage claims and an equal amount of liquidated damages. Doc. 29. In the answers to the Court's interrogatories, Plaintiff calculated his unpaid wages as $28.00, although he stated that he may request additional amounts based upon on-going calculations of his unpaid overtime. Doc. 23. Still, in the Motion, the parties assert that the Agreement represents full, uncompromised compensation for Plaintiff's unpaid wages plus an equal amount of liquidated damages. The undersigned has no reason to doubt that assertion and, as such, finds that no further analysis need occur related to the reasonableness of the settlement amount.

Nevertheless, the undersigned notes that Defendant denies that Plaintiff is entitled to any of those wages and asserts that a bona fide dispute exists in this action. *Id*. The parties have been

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

represented by counsel throughout this case, engaged in discovery, and engaged in settlement discussions. *Id*. The parties represent that the settlement is fair and reasonable given the fact that Plaintiff is receiving full compensation for the claimed unpaid wages and the inherent uncertainty and cost of further proceedings. For these reasons, the parties agreed that Plaintiff receive a total of $28.00 in unpaid wages and an equal amount in liquidated damages. Doc. 29-1. The undersigned finds that this is a fair and reasonable resolution of Plaintiff's claims. Therefore, the undersigned **RECOMMENDS** that the Court find that the settlement is a fair and reasonable resolution of Plaintiff's FLSA claims.

### B. The Other Terms of the Agreement

Upon review of the Agreement, the undersigned finds that the Agreement does not contain a general release, confidentiality provision, non-disparagement clause, or other potentially problematic contractual provision sometimes found in proposed FLSA settlement agreements. However, the Agreement includes a "modification" provision which purports to allow the parties to modify the agreement without Court approval. *See* Doc. 29-1 at 3. Given that this provision would permit the parties to modify the agreement without Court approval, the undersigned finds that this provision is due to be stricken. Accordingly, it is **RECOMMENDED** that the Court strike the last sentence of paragraph 10 of the Agreement, and otherwise find that the terms of the Agreement do not affect the reasonableness of the settlement.[4]

### C. Attorney Fees and Costs.

Plaintiff's counsel will receive a total of $ $8,021.68 in attorney fees and costs for representing Plaintiff in this case. Doc. 29-1. The parties state that "the amount for attorneys' fees and costs that Defendant will pay to Plaintiff is reasonable and was separately negotiated and

---

[4] The Agreement contains a "severability" provision. Doc. 29-1 at 3.

agreed upon without regard to the amounts paid to Plaintiff." Doc. 29 at 5. The settlement is reasonable to the extent previously discussed, and the parties' foregoing statement adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, the undersigned **RECOMMENDS** that the Court find the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

### IV. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 29) be **GRANTED**;
2. The Court find the Agreement (Doc. 29-1) to be a fair and reasonable settlement of Plaintiff's claims under the FLSA;
3. The case be **DISMISSED with prejudice**; and
4. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **The parties may file a notice of no objection if they have no objection to this Report and Recommendation.**

Recommended in Orlando, Florida on August 21, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy